## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BlueScope Steel Ltd., <br> BlueScope Steel Americas, Inc., <br><br> *Plaintiffs,* <br><br> v. <br><br> United States, <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **Court No. 21-00509** |

### COMPLAINT

Plaintiffs BlueScope Steel Ltd., and BlueScope Steel Americas (jointly, "BlueScope"), by and through its counsel, state the following claims against the Defendant, the United States:

1. Plaintiffs seek judicial review of the U.S. Department of Commerce's ("Commerce") of the U.S. Department of Commerce's ("Commerce") final determination of sales at less than fair value in the antidumping administrative review of certain hot-rolled steel flat products from Australia, covering the period October 1, 2018, through September 30, 2019.  *See Certain Hot-Rolled Steel Flat Products From Australia: Final Results of Antidumping Duty Administrative Review and Final Rescission of Review, in Part; 2018-2019*, 86 Fed. Reg. 47,054 (Aug. 23, 2021);  Issue and Decision Memorandum dated August 17, 2021.

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 19 U.S.C.§ 1516a(a)(2)(A)(I) and 19 U.S.C.§ 1516a(2)(B)(iii) to review a final affirmative less than fair value determination issued by Commerce under 19 U.S.C. § 1675. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

3. Plaintiff BlueScope Steel Ltd. is a foreign producer and exporter of hot-rolled steel flat products from Australia ("subject merchandise") who was a party to the antidumping administrative review determination now being challenged. Plaintiff BlueScope Americas Inc. is BlueScope Steel Ltd.'s wholly-owned U.S. importer of subject merchandise who was also a party to the administrative review determination now being challenged. Plaintiffs BlueScope Steel Ltd., and BlueScope Steel Americas Inc. are interested parties as defined in 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and Plaintiffs fully participated in the proceeding being challenged. Therefore, Plaintiffs have standing to bring this action under 19 U.S. C. § 1516a(d) and 28 U.S.C. §2631(e).

## TIMELINESS OF THIS ACTION

4. Commerce published its notice of the *Final Results of Antidumping Duty Administrative Review and Final Rescission of Review, in Part*; 2018-2019, 86 Fed. Reg. 47,054 (Aug. 23, 2021).

5. This action was commenced with the filing of the Summons on September 10, 2021, within 30 days of the publication of the Final Determination. Accordingly, this action is timely filed. 19 U.S.C. § 1516a(a)(2)(A).

## STATEMENT OF FACTS

6. On December 11, 2019, Commerce published its notice of initiation of an administrative review covering certain hot-rolled steel flat products from Australia manufactured and exported by Plaintiff BlueScope. 84 Fed. Reg. 67,712.

7. On January 17, 2020, Commerce published its corrected initiation notice for the administrative review covering certain hot-rolled steel flat products from Australia manufactured and exported by Plaintiff BlueScope. 85 Fed. Reg. 3,014.

8. On February 4, 2020, Commerce issued the antidumping questionnaire to BlueScope covering exports during the review period.

9. On March 3, 2020, BlueScope submitted its complete response to section A of Commerce's antidumping questionnaire, in accordance with the deadlines established by Commerce.

10. On March 23, 2020, BlueScope submitted its responses to section B of Commerce's antidumping questionnaire, in accordance with the deadlines established by Commerce.

11. On March 30, 2020, BlueScope submitted its response to section C of Commerce's antidumping questionnaire, in accordance with the deadlines established by Commerce.

12. On April 2, 2020, BlueScope submitted its response to section D of Commerce's antidumping questionnaire, in accordance with the deadlines established by Commerce.

13. On April 6, 2020, BlueScope submitted its response to section E of Commerce's antidumping questionnaire, again fully in accordance with the deadlines established by Commerce.

14. On June 22, 2020, Commerce issued a supplemental questionnaire relating to section A of the antidumping questionnaire. BlueScope submitted its response to this supplemental questionnaire on July 10, 2020, in accordance with the deadlines established by Commerce.

15. On December 3, 2020, Commerce issued a supplemental questionnaire relating to sections A through C of Commerce's antidumping questionnaire. BlueScope submitted its response to section A supplemental questionnaire on December 17, 2020, and to sections B through C supplemental questionnaire on December 28, 2020, in accordance with the deadlines established by Commerce.

16. On December 30, 2020, Commerce issued a supplemental questionnaire relating to sections D through E of Commerce's antidumping questionnaire. On January 14, 2021, BlueScope submitted its response to section D supplemental questionnaire, in accordance with the deadlines established by Commerce. On January 19, 2021, BlueScope submitted its response to section E supplemental questionnaire, again in accordance with the deadlines established by Commerce.

17. On February 16, 2021, Commerce published its Preliminary Issues and Decision Memorandum ("Prelim I&D Memorandum") and the Preliminary Results Analysis Memorandum ("Prelim Analysis Memo").

18. On February 23, 2021, Commerce published its preliminary determination in the administrative review of BlueScope's exports of *Certain Hot-Rolled Steel Flat Products from Australia*. 86 Fed. Reg. 10,923. (hereafter, "Preliminary Determination"). The preliminary determination was accompanied by an unpublished Issues and Decision Memorandum ("Prelim I&D Memorandum").

19. On March 25, 2021, BlueScope submitted its case brief to Commerce in this administrative review.

20. On April 6, 2021, BlueScope submitted its rebuttal brief to Commerce in this administrative review.

21. On August 17, 2021, Commerce issued its final determination in this administrative review, making certain changes to the final results including the application of an antidumping duty rate of 9.94% percent, instead of 7.96% as indicated in the preliminary determination. The final determination was accompanied by an Issues and Decision Memorandum ("I&D Memorandum").

22. On August 20, 2021, Commerce published Final Results Analysis Memorandum ("Analysis Memo").

23. On August 23, 2021, Commerce published its final determination in the Federal Register. *Certain Hot-Rolled Steel Flat Products from Australia*, 86 Fed. Reg. 47,054 (hereafter, "Final Determination").

## STATEMENT OF CLAIMS

24. In the following respects, and for other reasons apparent from the administrative record of Commerce's administrative review, the Final Determination is not

supported by substantial evidence on the record and is otherwise not in accordance with law.

**Count 1:     Commerce's Decision Not To Deduct Bona Fide Rebate Amounts To The Calculation of Normal Value That Is Not Supported By Substantial Evidence and Otherwise Not In Accordance With Law**

25. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 23.

26. For its Preliminary Determination, Commerce calculated normal value using BlueScope's net home market prices. Commerce calculated BlueScope's net home market prices, in turn, by deducting *all* of BlueScope's reported discounts and rebates that were associated with BlueScope's home market sales transactions. *See* Preliminary Determination and Prelim I&D Memorandum dated February 16, 2021 at 13 and Prelim. Analysis Memo at 6-7.

27. However, for its final results, Commerce calculated BlueScope net home market prices (for many sales transactions) without deducting all of BlueScope's reported discounts and rebates that were associated with BlueScope's home market sales transactions. *See* Final Determination and I&D Memorandum, dated August 17, 2021, at 18-20.

28. Commerce's decision to calculate normal value without deducting bona fide discount and rebate amounts was not supported by substantial evidence or otherwise in accordance with law.

29. Commerce acted inconsistently with its own regulations and past practice by allowing Petitioner to advance arguments about supposed deficiencies with

BlueScope's submitted sales data long after Petitioner's counsel had received the sales databases.  *See* BlueScope's Rebuttal Brief at 10-11.

        30.     In addition, Commerce's decision to disregard BlueScope's reported discount and rebate data is premised on a wholly inaccurate understanding of the data that BlueScope submitted and the Commerce's examination of the data during the AD review.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiffs pray this Court enter judgment as follows:

    A.      Enter judgment in favor of Plaintiffs

    B.      Hold as unlawful Commerce's final results of the administrative review of Certain Hot-Rolled Flat Steel from Australia.

    C.      Remand this proceeding to Commerce with instructions to publish a revised Final Determination using the information submitted by BlueScope in the course of this administrative review; and

    D.      Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
Christopher Dunn
Ana Amador

Curtis, Mallet-Prevost, Colt & Mosle LLP
1717 Pennsylvania Ave.
N.W. Washington, D.C.
20006
Tel. (202) 452-7373

*Counsel for Plaintiffs BlueScope Steel Ltd., and BlueScope Steel Americas, Inc.*

September 28, 2021