# UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Richard K. Eaton

|  |  |
|---|---|
| BLUESCOPE STEEL LTD.;<br>BLUESCOPE STEEL AMERICAS, INC.<br><br>     *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES,<br><br>     *Defendant*,<br><br>UNITED STATES STEEL CORPORATION<br>SSAB ENTERPRISES, LLC<br>STEEL DYNAMICS, INC.<br><br>     *Intervenor-Defendants.* | Court No. 21-00509 |

## PLAINTIFF BLUESCOPE'S STATEMENT OF THE ISSUES

On November 1, 2021, the Court issued a letter to counsel, requiring that "the parties challenging the agency determination file a statement of the issues presented" in addition to the filing of a joint status report and proposed scheduling order pursuant to U.S. CIT Rule 56.2. ECF. No. 25.  Accordingly, Plaintiffs BlueScope Steel Ltd., and BlueScope Steel Americas Inc. respectfully submit a statement of the issues in this court appeal as follows.

- 2 -

**A.     Issue:   Commerce's decision not to deduct *bona fide* rebate amounts in the calculation of normal value**

1. Statement of the Issue:

Commerce's decision not to deduct *bona fide* rebate amounts to the calculation of normal value that is not supported by substantial evidence and otherwise not in accordance with law

2. Type of Claim, Statutory Provisions Applicable, and Standard of Review:

<u>Legal</u>:  19 U.S.C. 1677b provides that "the normal value shall be the price . . at which the foreign like product is first sold . .  for consumption in the exporting country . .. "  The Commerce Department's regulations that implement 19 U.S.C. 1677b provide that, when normal value is based on price, the Commerce Department "will use a price that is net of price adjustments, as defined in {section} 351.102(b)." And Section 351.102(b), in turn, makes clear that such "price adjustment" "means a change in the price charged for the subject merchandise  . such as discount, *rebate* . .. " (emphasis added).  Notwithstanding these statutory and regulatory requirements, when calculating normal value for the antidumping margin calculation, Commerce did not deduct bona fide rebates offered by BlueScope to its home market customers. Commerce's determination should be reviewed under the second prong of the *Chevron* standard.

- 3 -

<u>*Factual*</u>: The record evidence does not support, and in fact contradicts, Commerce's proffered rationale for not deducting rebates in the calculation of normal value. Commerce's determination should be reviewed under the standard set forth in *Universal Camera v. N.L.R.B.*, 340 U.S. 474 (1951).

    Respectfully submitted,

    <u>/s/ Daniel L. Porter</u>

    Daniel L. Porter
    Christopher A. Dunn

    **CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP**

    1717 Pennsylvania Ave, NW
    Washington D.C., 20006
    (202)-452-7373

    *Counsel for Plaintiffs*

Dated: December 7, 2021